IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------------------------------------x
                                           :
PAUL REEDER                                :   3:10 CV 1726 (JBA)
                                           :
v.                                         :
                                           :
ADMINISTRATOR, UNEMPLOYMENT                :
COMPENSATION ACT                           :   DATE: DECEMBER 6, 2010
-----------------------------------------------------------x
```

RULING ON MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND
RECOMMENDED RULING OF DISMISSAL

On November 2, 2010, plaintiff Paul Reeder filed his motion for leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. Based upon the financial information submitted by plaintiff, his motion is granted.

The same statute that authorizes the Court to grant in forma pauperis status to plaintiff also contains a provision that protects against the abuse of this privilege. Subsection (e) provides that the Court "shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2)(B).

While this Court construes a pro se's complaint liberally, however "inartful[ly]" worded, plaintiff's complaint fails to state a claim upon which relief may be granted. Boykin v. Keycorp, 521 F.3d 202, 214 (2d Cir. 2008)(citations & internal quotations omitted). In the present suit, plaintiff is suing the Administrator of the Unemployment Compensation Act, "for denial of compensation due and denial of a fair hearing under the [Connecticut] Unemployment Compensation Act[,]" in particular, the denial of cross-examination, reliance

1

on hearsay, and the absence of a witness. (Dkt. #1, at 3); the unemployment hearing stemmed from plaintiff's discharge from the Waterbury Republican-American in April 2003. (Dkt. #1, Large Complaint, at 2, see also id. at 2-13).[1]

A review of CM/ECF reveals that on October 3, 2005, plaintiff filed an identical lawsuit regarding his denial of unemployment benefits from his April 2003 termination by the Waterbury Republican, again challenging the use of hearsay and inconsistent testimony at the administrative hearing. Paul Reeder v. Administrator, Unemployment Compensation Act of the State of Connecticut, 05 CV 1532 (JCH), Complaint (Dkt. #1). On May 26, 2006, U.S. District Judge Janet C. Hall filed her Ruling on Defendant's Motion to Dismiss (Dkt. #13), on the basis of res judicata. Plaintiff's multiple Motions for a New Trial and Motion for Reconsideration were denied by Judge Hall on June 19, 2007 and November 4, 2009. (Dkts. ##21, 32).[2] See also Reeder v. Unemployment Compensation, 97 CV 234 (DJS)(defendant's Motion to Dismiss granted on August 20, 1997 and plaintiff's multiple Motions to Reopen denied)(Dkts. ##16-17, 21, 27, 36, 42)(presumably relating to 1991 matter); Reeder v. Administrator, Unemployment Compensation Act, No. 099180, 1992 WL 79833 (Conn. Super.

---

[1]Attached to plaintiff's complaint is nearly an inch of exhibits – Exhs. 1A-31A; copies of 42 U.S.C. § 1983, first fourteen amendments to the U.S. Constitution & FED.R. EVID. 804; Rebuttal regarding 1990 encounter with defendant; and Exhs. 11A3, 1B-28B). See also Dkt. #6.

As these exhibits reflect, with respect to his 2003 application, plaintiff was denied benefits in written decisions by the Administrator on June 6, by the Appeals Referee on July 15, and by the Board of Review on September 5, 2003, and appealed this matter to the Connecticut Superior Court. (Exhs. 10A, 26A1-5, 28A1-4, 29A1-3, 30A). The Connecticut Superior Court affirmed the administrative decisions, Reeder v. Administrator, Unemployment Compensation Act, UWY-CV03-180652; the Connecticut Appellate Court affirmed the lower court's decision, Reeder v. Administrator, 88 Conn. App. 556 (2005), and the Connecticut Supreme Court denied further review, Reeder v. Administrator, 275 Conn. 918 (2005).

[2]See also Reeder v. Mattatuck Mfg. Co., 91 CV 122 (EBB)(judgment for defendant entered on October 10, 1996 in employment claim); Reeder v. Zohn Inds., 49 Conn. App. 904 (App. Ct. 1998)(affirming decision of workers' compensation review board), petition for certif. denied, 247 Conn. 911 (1998).

Ct. April 10, 1992)(affirming denial of unemployment compensation benefits), denying plaintiff's motion to reopen, 1992 WL 171139 (Conn. Super. Ct. July 14, 1992), certif. denied, 231 Conn. 903 (1994); Reeder v. Administrator, Unemployment, No. 110064, 1993 WL 4434 (Conn. Super. Ct. Jan. 4,1993)(denying plaintiff's motion for default in unrelated appeal from Unemployment Compensation Board), appeal dismissed, 1993 WL 301102 (Conn. Super. Ct. July 29, 1993); Reeder v. Administrator, Unemployment Compensation Act, No. 220064, 1993 WL 454266 (denying plaintiff's motion to reopen).

Accordingly, the undersigned recommends that U.S. District Judge Janet Bond Arterton summarily dismiss this action under 28 U.S.C. § 1915(e)(2)(B) as plaintiff fails to state a claim upon which relief may be granted.

See 28 U.S.C. § 636(b)(**written objections to ruling must be filed within fourteen days after service of same**); Fed. R. Civ. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Sec'y, H & HS, 892 F.2d 15, 16 (2d Cir. 1989)(**failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit.**)

Dated at New Haven, Connecticut, this 6th day of December, 2010.

      /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge