UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Paul Reeder,<br>  *Plaintiff*,<br><br>  v.<br><br>Administrator, Unemployment Compensation Act,<br>  *Defendant*. | Civil No. 3:10cv1726 (JBA)<br><br><br><br>May 2, 2011 |

ORDER

Plaintiff Paul Reeder, acting *pro se*, sued Defendant Administrator, Unemployment Compensation Act of the State of Connecticut, claiming violations of his procedural due process rights pursuant to 42 U.S.C. § 1983 under both the United States and Connecticut constitutions, stemming from denial of his claim for unemployment benefits.[1] Magistrate Judge Margolis recommended dismissing Plaintiff's case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B),[2] because Plaintiff earlier filed an identical lawsuit that was dismissed for lack of jurisdiction on the basis of *res judicata.* Plaintiff objects to Magistrate Judge Margolis's recommendation of dismissal.[3]

---

[1] Plaintiff [Doc. # 6] moves to amend his Complaint to correct a copying error resulting in Exhibit 8B being blank because it was folded over while photocopied; he seeks to submit a new, correctly copied version of that exhibit. Plaintiff's motion is GRANTED.

[2] Section 1915(e)(2)(B)(ii) provides that "the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted."

[3] Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 72.2(b), the portions of the Magistrate Judge's decision objected to by Plaintiff are reviewed *de novo*, and any part or the entirety of the Recommended Ruling may be adopted, rejected, or modified.

Plaintiff's claim in this action is based on his allegation that he "was denied a fair hearing and compensation by the improper conduct of the hearing," specifically that the Board of Review's "decisions were based on hearsay," and he was "not allow[ed] cross examination of a crucial witness." (Compl. at 3.) In his objection to the Recommended Ruling, Plaintiff noted that "[w]hile [he] has litigated several matters on these same facts, the basis of this particular claim is different." (Obj. [Doc. # 11] at 3.) As Reeder notes, he has raised claimed deficiencies with his administrative hearing in prior cases. He appealed the decision of the Board of Review of the Employment Security Appeals Division of the Department of Labor ("Board of Review") to the Connecticut Superior Court, which appeal was dismissed. He appealed that dismissal to the Connecticut Appellate Court "claim[ing] that the court improperly affirmed the decision of the board because the record has not been certified as complete and accurate. More specifically, the plaintiff claims that the testimony given at the hearing was hearsay." *See Reeder v. Administrator*, 88 Conn. App. 556 (2005) ("*Reeder I*"). The Connecticut Appellate Court affirmed the dismissal, because Reeder failed to timely move to correct the Board of Review record, which is a prerequisite to any challenge to the Board's decision. *Id.* at 558. Plaintiff then brought suit in federal court claiming that the "Lower Courts" made several factual and legal errors in refusing to overturn the Board of Review's denial of his unemployment compensation claim, and Reeder's suit was dismissed because "all of Reeder's present claims were, or could have been raised at one or more stages of the state court proceedings." *See Reeder v. Administrator,* No. 3:05cv1532(JCH) (D. Conn. May 26, 2006) ("*Reeder II*").

The doctrine of *res judicata* "precludes a litigant from raising arguments that 'could have been . . . raised in the prior action.'" *Santana Prods., Inc. v. Sylvester & Assocs., Ltd.*, 279

F. App'x 42, 44 (2d Cir. 2008) (quoting *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 285 (2d Cir. 2000)). "*Res judicata* applies when: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the same parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Hudson v. Universal Studios Inc.*, 235 F. App'x 788, 790 (2d Cir. 2007) (citing *Monahan*, 214 F.3d at 285).

Even though Plaintiff argues that "the basis of this particular claim is different," it is apparent that he could have raised his current claims of procedural due process violations as part of his appeal of the Board of Review's denial of his benefits claim in his state court proceeding, which were between the same litigants as in this action. Thus, Plaintiff's claims are barred by *res judicata*.

Accordingly, Plaintiff's [Doc. # 11] Objection is OVERRULED, Magistrate Judge Margolis's [Doc. # 10] Recommended Ruling is APPROVED and ADOPTED, and the case is DISMISSED. The Clerk is directed to close the case.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 2nd day of May, 2011.